IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD L. ISGRIGG, III,

Plaintiff, No. CIV S-11-2780 KJM CKD P

vs.

J. LEBECK, et al.,

Defendants. ORDER

/

Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be

forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

\\\\\

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

Plaintiff brings the complaint against ten named defendants, nine at California State Prison-Sacramento. Plaintiff alleges that, on October 29, 2010, he told defendants Ngo, Powers, Minton, and Wilson that he was suicidal and they ignored or dismissed his statements. Shortly afterward, plaintiff "broke the cell door window with my state issue medical appliance wooden cane," and defendant Granger notified other officers. Defendant Lebeck sprayed him with pepper spray through the food port, and Minton removed his cane through the food port. Granger allegedly used excessive force grabbing plaintiff's arm through the food port. Defendant Till allegedly watched and laughed while this took place. Defendant Heise ordered officers to pack up plaintiff's legal and personal property, and did not respond to plaintiff's claim that he was "violently attacked by them" or his claim that Minton and Wilson had stolen some of his property. Plaintiff also asserts that "I assaulted a peace officer with my state issue wooden cane" through the food port, and that Lebeck sustained swelling and bruising on his left forearm.

\\\\\

Plaintiff cites a long list of alleged constitutional violations, only a few of which have some plausible application to the facts alleged. In addition to damages, he seeks an injunction ordering defendants to transfer him to a medical facility for treatment for the physical injuries he sustained in the October 2010 incident.

ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 ... creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir.1997) (internal quotations omitted).

I. Deliberate Indifference

The Eighth Amendment's prohibition of cruel and unusual punishment requires that prison officials take reasonable measures for the safety of inmates. Farmer v. Brennan, 511 U.S. 825, 834 (1994). A prison official violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's safety. See id. "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities,' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991) (citation omitted). "The inmate must then make a subjective showing that the deprivation occurred with deliberate indifference to the inmate's health or safety." Patterson v. County of San Diego, 2010 WL 3957398 *3 (S.D.Cal., 2010) (quoting Farmer, 511 U.S. at 834). To reach the "deliberate indifference" standard, a plaintiff must show "that the official was aware of a risk to the inmate's health or safety and that the official deliberately disregarded the risk." Foster v. Runnels, 554 F.3d 807, 814 (9th Cir. 2009).

In light of the above, the court concludes that plaintiff states a deliberate indifference claim as to defendants Ngo, Powers, Minton, and Wilson for allegedly disregarding his statements that he was suicidal on October 29, 2010.

II. Excessive Force

"[T]he unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Whitely v. Albers, 475 U.S. 312, 319 (1986). "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, —— U.S. ——, ——, 130 S.Ct. 1175, 1178 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 9, (1992)) (internal quotations omitted).

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. As the Supreme Court recently explained in Wilkins:

> The 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' . . . This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. '[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation.' The extent of injury may also provide some indication of the amount of force applied.

130 S.Ct. at 1178-1179 (internal citations omitted).

Here, plaintiff concedes that he broke the cell window with his wooden cane and assaulted defendant Lebeck with his cane through the food port. Attached to the complaint are incident reports confirming these events. In light of plaintiff's violent and disruptive actions, the court concludes that he has not stated an excessive force claim. Rather, the actions of defendants Lebeck and Granger (using pepper spray and forcefully grabbing plaintiff's arm through the food port, respectively) appear to have been undertaken in an effort to maintain or restore discipline.

As plaintiff has not stated any other constitutional claim against Lebeck and Granger, the complaint should be dismissed as to these defendants.

III. Other Defendants

As to defendant Giurbino, allegedly "responsible for the overall operation of the department," and defendant Virga, Warden of CSP-Sacramento, plaintiff has not alleged their direct involvement in the incidents described. Supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Thus, the complaint should be dismissed as to these defendants.

Because plaintiff's allegations do not state a constitutional claim against defendants Heise and Till, these defendants should also be dismissed.

Plaintiff will be given 28 days from the date of service of this order to amend his complaint to cure any deficiencies outlined above. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to dismiss the above-mentioned defendants and causes of action with prejudice. Upon filing an amended complaint or expiration fo the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Furthermore, any amended complaint shall not include allegations unrelated to the claims that are the subject of this action.

Plaintiff's request for an injunction will be addressed in a separate order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis is granted;

2. Plaintiff's claims against defendants Lebeck, Giurbino, Virga, Till, Granger, and Heise, are dismissed with leave to amend. Additionally, all claims except deliberate indifference claims against defendants Ngo, Powers, Minton, and Wilson are dismissed with leave to amend;

3. Plaintiff is granted 28 days from the date of service of this order to amend his complaint to cure the deficiencies outlined in this order. Plaintiff is not required to file an amended complaint, but failure to do so will be construed as plaintiff's consent to the dismissal of the above-mentioned defendants and causes of action;

4. If plaintiff elects to amend, any amended complaint shall bear the docket number assigned to this case, shall be labeled "Amended Complaint," and shall not exceed

twenty (20) pages.

5. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

Dated: March 5, 2012

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
isgr2780.B