IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD L. ISGRIGG, III,

      Plaintiff,                      No. CIV S-11-2780 KJM CKD P

      vs.

J. LEBECK, et al.,

      Defendants.               ORDER &

                                             FINDINGS AND RECOMMENDATIONS

/

        Plaintiff is a state prisoner proceeding pro se who seeks relief pursuant to 42 U.S.C. § 1983. On June 5, 2012, he filed a First Amended Complaint pursuant to the court's order of March 5, 2012. (Dkt. No. 21 ("FAC").)

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

\\\\\

1

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Fed. R. Civ. P. 8 sets forth general rules of notice pleading in the federal courts. See Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992 (2002). Complaints are required to set forth (1) the grounds upon which the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to relief; and (3) a demand for the relief plaintiff seeks. Rule 8 requires only "sufficient allegations to put defendants fairly on notice of the claims against

them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). Even if the factual elements of the cause of action are present, but are scattered throughout the complaint and are not organized into a "short and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper. McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996).

In the FAC, plaintiff names six defendants at California State Prison-Sacramento.[1] He alleges that, on October 29, 2010, he informed defendants Minton, Wilson, Ngo, Lebeck, and Powers that he was "having suicidal thoughts and . . . felt like cutting myself." No defendant took any action. Minton and Wilson allegedly stated that they had to "see some blood" before they acted on plaintiff's statement that he was suicidal. (FAC at 3.)

Later that night, defendant Lebeck allegedly opened plaintiff's tray port and Lebeck, Minton, and Wilson sprayed plaintiff with pepper spray "for no reason." Minton allegedly reached through the tray port and into plaintiff's cell, grabbed plaintiff's cane, and pulled it through the tray port, pinning plaintiff's hand. Lebeck allegedly "jerked and slammed" plaintiff's wrist on the tray port three times. Plaintiff alleges that he sustained three bruises, multiple abrasions, and two chipped teeth as a result of this incident. (Id. at 4-5.) He further alleges that this incident occurred in retaliation for filing a lawsuit against correctional officers. (Id. at 5.)

I. Deliberate Indifference

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) " 'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,' " and (2) "the defendant's response to the need

---

[1] Although plaintiff names Till as a defendant, nowhere in the FAC does plaintiff describe any actions undertaken by Till.

3

1  was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d
2  1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d
3  1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown
4  by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm
5  caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060).  In
6  order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient
7  facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk
8  to [Plaintiff's] health ...." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  In applying this
9  standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have
10 been abridged, "the indifference to his medical needs must be substantial.  Mere 'indifference,'
11 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter
12 Laboratories, 622 F.2d 458, 460 (9th Cir.1980) (citing Estelle, 429 U.S. at 105-06).

13        "[A] heightened suicide risk can present a serious medical need." Simmons v.
14 Navajo County, Ariz., 609 F.3d 1011, 1018 (9th Cir. 2010).  The alleged failure of Minton,
15 Wilson, Ngo, Lebeck, and Powers to act on plaintiff's statements arguably constitutes mere
16 negligence or indifference.  However, for purposes of screening, plaintiff has stated an Eighth
17 Amendment claim against these defendants.

18        II.  Excessive Force

19        The Eighth Amendment prohibits cruel and unusual punishment. "[T]he
20 unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden
21 by the Eighth Amendment." Whitely v. Albers, 475 U.S. 312, 319 (1986).  "The Eighth
22 Amendment's prohibition of cruel and unusual punishments necessarily excludes from
23 constitutional recognition de minimis uses of physical force, provided that the use of force is not
24 of a sort repugnant to the conscience of mankind." Wilkins v. Gaddy, ––– U.S. –––, –––, 130
25 S.Ct. 1175, 1178 (2010).
26 \\\\\

Not "every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. As the Supreme Court explained in Wilkins:

> The 'core judicial inquiry' . . . [is] not whether a certain quantum of injury was sustained, but rather 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' . . . This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. '[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation.' The extent of injury may also provide some indication of the amount of force applied.

130 S.Ct. at 1178-1179 (some internal citations omitted).

The court concludes that, for screening purposes, plaintiff has stated an excessive force claim against defendants Lebeck, Minton, and Wilson.

III.  Retaliation

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal ." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff fails to allege that any defendant knew of plaintiff's protected conduct prior to October 29, 2010, and his allegations of retaliation are vague and conclusory. He fails to state a First Amendment claim against any defendant on the facts alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: Lebeck, Minton, Wilson, Ngo, and Powers.

2. The Clerk of the Court shall send plaintiff five USM-285 forms, one summons, an instruction sheet and a copy of the First Amended Complaint filed June 5, 2012.

\\\\\

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Six copies of the endorsed First Amended Complaint filed June 5, 2012.

4. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

5. As plaintiff has not named defendants Giurbino, Virga, Granger, and Heise in the FAC, effectively consenting to their dismissal (see Dkt. No. 13 at 7), these defendants are dismissed from this action with prejudice.

IT IS HEREBY RECOMMENDED THAT:

1. Defendant Till be dismissed from this action; and

2. The Clerk of Court amend the docket to reflect that the only defendants remaining in this action are the five listed above.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are

////

advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 13, 2012

/s/ Carolyn K. Delaney
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / isgr2780.FAC