IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD L. ISGRIGG, III,

      Plaintiff,           No. 2:11-cv-2780 KJM CKD P

   vs.

J. LEBECK, et al.,

      Defendants.      NOTICE

_____/

      Pursuant to the Ninth Circuit's recent decision in Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), the court hereby reminds plaintiff of the following requirements for opposing the motion to dismiss filed by defendants on January 24, 2013. (Dkt. No. 36.)[1]

**Wyatt Notice to Plaintiff**

      This notice is provided to ensure that you, a pro se prisoner plaintiff, "have fair, timely and adequate notice of what is required" to oppose a motion to dismiss for failure to exhaust administrative remedies. See Woods v. Carey, 684 F.3d 934 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1115, 1120 n.15 (9th Cir. 2003). The court requires that you be

---

[1] Defendants have included a version of Wyatt notice with their motion. (Dkt. No. 36-2.) However, the court directs all defendants who file a motion to dismiss for failure to exhaust administrative remedies to "contemporaneously serve . . . a copy of the attached Wyatt notice." (Dkt. No. 27 at 3, 6-7.)

1

1 provided with this notice regarding the requirements for opposing a motion to dismiss for failure
2 to exhaust administrative remedies.

3       When a defendant moves to dismiss some or all of your claims for failure to
4 exhaust administrative remedies, the defendant is requesting that the court dismiss claims for
5 which you did not exhaust available administrative remedies.  A "motion to dismiss for failure to
6 exhaust administrative remedies is similar to a motion for a summary judgment in that the district
7 court will consider materials beyond the pleadings." <u>Stratton v. Buck</u>, 2012 WL 4094937, at *3
8 (9th Cir. Sept. 19, 2012).  The defendant may submit affidavits or declarations under penalty of
9 perjury and admissible documents in support of the motion.

10       To oppose the motion, you must submit proof of specific facts regarding the
11 exhaustion of administrative remedies. To do this, you may refer to specific statements made in
12 your complaint if you signed your complaint under penalty of perjury and if your complaint
13 shows that you have personal knowledge of the matters stated.  You may also submit declarations
14 setting forth facts regarding exhaustion of your claims, as long as the person who signs the
15 declaration has personal knowledge of the facts stated.  You may also submit all or part of
16 deposition transcripts, answers to interrogatories, admissions, and other authenticated documents.
17 If you fail to contradict the defendant's evidence with your own evidence, the court may accept
18 the defendant's evidence as the truth and grant the motion.  If you do not respond to the motion,
19 the court may consider your failure to act as a waiver of your opposition. <u>See</u> L.R. 230(l).
20 ////
21 ////
22 ////
23 ////
24 ////
25 ////
26 ////

1      If the court grants the defendant's motion, whether opposed or unopposed, your
2 unexhausted claims will be dismissed.  If all of your claims are unexhausted, your entire case will
3 be over.  If, however, you exhaust administrative remedies for your claims at a later date, you
4 may raise those claims in a new action.

   Dated: January 29, 2013

   _____
   CAROLYN K. DELANEY
   UNITED STATES MAGISTRATE JUDGE

2
isgr2780.mtd.not

3