1

2

3

4

5

6

7

8                IN THE UNITED STATES DISTRICT COURT

9             FOR THE EASTERN DISTRICT OF CALIFORNIA

10   RICHARD L. ISGRIGG, III,

11         Plaintiff,                    No. 2:11-cv-2780 KJM CKD P

12      vs.

13   J. LEBECK, et al.,                  FINDINGS & RECOMMENDATIONS

14         Defendants.

15   _____/

16         Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant

17   to 42 U.S.C. § 1983.  This action was commenced on October 21, 2011 (Dkt. No. 1) and proceeds

18   on the First Amended Complaint filed June 5, 2012.  (Dkt. No. 21 ("FAC").)  On September 14,

19   2012, the undersigned determined that the FAC stated Eighth Amendment claims against

20   defendants Lebeck, Minton, Wilson, Ngo, and Powers.  (Dkt. No. 25.)

21         Pending before the court is defendants' January 24, 2013 motion to dismiss the

22   FAC for failure to exhaust administrative remedies.[1]  (Dkt. No. 36.)  Plaintiff has filed an

23   opposition.  (Dkt. No. 38.)  For the reasons discussed below, the undersigned will recommend that

24

25         [1] Plaintiff was provided notice of the requirements for opposing a motion to dismiss for
     failure to exhaust administrative remedies pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir.
26   2012) and Wyatt v. Terhune, 315 F.3d 1108 (9th Cir. 2003).  (Dkt. No. 37.)

                                      1

1  defendants' motion be granted.

2  I.  Exhaustion of Administrative Remedies

3  A.  Legal Standard

4  The Prison Litigation Reform Act ("PLRA") provides that, "[n]o action shall be

5  brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a

6  prisoner confined in any jail, prison, or other correctional facility until such administrative

7  remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Pursuant to this rule, prisoners

8  must exhaust their administrative remedies regardless of the relief they seek, i.e., whether

9  injunctive relief or money damages, even though the latter is unavailable pursuant to the

10  administrative grievance process.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Exhaustion also

11  requires that the prisoner complete the administrative review process in accordance with all

12  applicable procedural rules.  Woodford v. Ngo, 548 U.S. 81 (2006).

13  The PLRA requires that administrative remedies be exhausted prior to filing suit.

14  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).  However, the exhaustion requirement is not

15  jurisdictional, but an affirmative defense that may be raised by a defendant in a motion to dismiss

16  pursuant to Federal Rule of Civil Procedure 12(b).  See Jones v. Bock, 549 U.S. 199, 216 (2007)

17  ("inmates are not required to specially plead or demonstrate exhaustion in their complaints");

18  Wyatt v. Terhune, 315 F.3d 1108, 1117–19 (9th Cir. 2003) (failure to exhaust is an affirmative

19  defense).  Defendants bear the burden of raising and proving the absence of exhaustion, and their

20  failure to do so waives the defense.  Id. at 1119.

21  "In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the

22  court may look beyond the pleadings and decide disputed issues of fact."  Wyatt, 315 F.3d at

23  1119.  "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion

24  to dismiss for failure to exhaust – a procedure closely analogous to summary judgment – then the

25  court must assure that [the prisoner] has fair notice of his opportunity to develop a record."  Id. at

26  1120 n.14.  When the district court concludes that the prisoner has not exhausted administrative

1   remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." Id. at 1120;

2   see also Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005) ("mixed" complaints may proceed

3   on exhausted claims).  Thus, "if a complaint contains both good and bad claims, the court

4   proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

5            "The level of detail in an administrative grievance necessary to properly exhaust a

6   claim is determined by the prison's applicable grievance procedures." Jones, supra, 549 U.S. at

7   218.  In California, prisoners are required to lodge their administrative complaint on a CDC Form

8   602, which requires only that the prisoner "describe the problem and action requested." Cal.Code

9   Regs. tit. 15, § 3084.2(a).  In Griffin v. Arpaio, 557 F.3d 1117 (9th Cir. 2009), the Ninth Circuit

10  Court of Appeals adopted the standard enunciated by the Seventh Circuit, which provides that

11  "when a prison's grievance procedures are silent or incomplete as to factual specificity, 'a

12  grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.'"

13  Griffin, 557 F.3d at 1120 (reviewing Arizona procedures), quoting Strong v. David, 297 F.3d 646,

14  650 (7th Cir. 2002).  Thus, in California, "[a] grievance need not include legal terminology or

15  legal theories unless they are in some way needed to provide notice of the harm being grieved.  A

16  grievance also need not contain every fact necessary to prove each element of an eventual legal

17  claim. The primary purpose of a grievance is to alert the prison to a problem and facilitate its

18  resolution, not to lay groundwork for litigation."  Griffin, 557 F.3d at 1120; accord, Morton v.

19  Hall, 599 F.3d 942, 946 (9th Cir. 2010).

20           "[E]xhaustion is not per se inadequate simply because an individual later sued was

21  not named in the grievances." Jones, 549 U.S. at 219.  It is nonetheless appropriate to require that

22  a prisoner demonstrate, through the administrative grievance process and consistent with the

23  PLRA, that he has standing to pursue his claims against a particular defendant.  "[A]t an

24  irreducible minimum, Art[icle] III [of the United States Constitution] requires the party who

25  invokes the court's authority to 'show that he personally has suffered some actual or threatened

26  injury as a result of the putatively illegal conduct of the defendant.' " Valley Forge Christian

1    College v. Americans United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982).

2    B.  Facts

3            Plaintiff alleges that on October 29, 2010, while he was incarcerated at California

4    State Prison-Sacramento, defendants Minton, Wilson, Ngo, Lebeck, and Powers failed to act on

5    plaintiff's statements that he was suicidal, thus showing deliberate indifference to a serious

6    medical need in violation of the Eighth Amendment.  (FAC at 3-4.)  Plaintiff further alleges that

7    later that night, defendants Lebeck, Minton and Wilson sprayed him with pepper spray, and

8    Minton and Lebeck injured him, in violation of his Eighth Amendment right to be free of

9    excessive force.  (Id. at 4-5.)  In the FAC, plaintiff asserts that he "attempted" to use the prison's

10    internal grievance procedure, but cites "inflexible dogma" and a "chilling effect"[2] as reasons he

11    was unable to do so.  (Id. at 6.)

12            Defendants assert in their motion to dismiss that plaintiff did not exhaust his

13    administrative remedies as to the October 29, 2010 incident.  In support, they attach the

14    declaration of L. Zamora, the Chief of the Inmate Correspondence and Appeals Branch (ICAB)

15    for California Correctional Health Care Services.  (Dkt. No. 36-1.)  Zamora declares that:

> Since August of 2008, the ICAB has received and maintained all
> inmate healthcare appeals accepted for the third and final level of
> review in the inmate appeals process, and renders decisions on such
> appeals.
>
> . . .
>
> A review of the inmate healthcare appeals submitted by inmate
> Richard Isgrigg (K-78618) shows that between October 2010 and
> October 2011, the ICAB did not receive any third level inmate
> healthcare appeals from inmate Isgrigg claiming that he received
> inadequate medical or mental health treatment following an
> altercation with correctional and nursing staff on October 29, 2010.

23    (Dkt. No. 36-1 at 2-3.)[3]

---

[2] In screening the FAC, the undersigned determined that plaintiff failed to state a First
Amendment retaliation claim against any defendant.  (Dkt. No. 25 at 5.)

[3] Citations refer to page numbers assigned by the court's docketing system.

1    Defendants also attach the declaration of L. Lozano, Chief of the Office of Appeals

2  (OOA) for the California Department of Corrections and Rehabilitations.  Lozano declares that

3  "[t]he OOA receives and maintains inmate non-medical appeals accepted for third-level review,

4  and renders decisions on such appeals at the third level, the final review in the CDCR's inmate

5  grievance process."  (Dkt. No. 36-1 at 5.)

6    Attached to Lozano's declaration is a printout of CDCR records concerning

7  appeals submitted for third-level review to the OOA by plaintiff.  (Id. at 6, 8-10.)  It indicates that

8  between October 2010 and October 2011 (when this action was commenced), plaintiff filed four

9  non-health care appeals that were accepted for review at the third and final level.[4]  Records

10  attached to defendants' motion indicate as follows:

11    •    In Log. No. CSP-Sac-10-01318, plaintiff claimed that the wheelchair he

12       was issued to alleviate knee pain had broken down and needed repair.  (Id.

13       at 15-16.)

14    •    In Log No. CSP-Sac-10-01178, plaintiff claimed that inmate workers in the

15       Receiving and Release department of the prison stole his radio.  (Id. at 17-

16       18.)

17    •    In Log No. CSP-Sac-11-00175, plaintiff claimed that his legal property was

18       mishandled.  (Id. at 19-20.)

19    •    In Log No. CSP-Sac-10-1101, plaintiff claimed that defendant Lebeck

20       withheld his mail and made inappropriate comments on August 13, 2010.

21       (Id. at 21-22.)

22    Defendants assert that these records show that none of the grievances plaintiff filed

23  during the relevant time frame served to exhaust his administrative remedies for the instant

24

---

25    [4] Defendants include a fifth appeal, Log. No. CSP-Sac-10-00754.  However, it appears
   that this appeal was accepted on September 1, 2010, prior to the incident at issue in the FAC.
26  (Dkt. No. 36-1 at 8.)

1  claims.[5]

2      In his opposition to the motion to dismiss, plaintiff asserts that he was prevented

3  from filing an inmate grievance concerning the October 2010 incident due to retaliation by non-

4  defendant prison officials.  As in the FAC, he cites the "inflexible dogma" of the inmate appeal

5  process.  (Dkt. No. 38 at 5.)  Plaintiff notes that he did exhaust administrative appeals "in regards

6  to the theft of my personal and legal property[,]" which is not at issue in this action.  (Id. at 6.)

7  Plaintiff provides little detail concerning the alleged retaliation and does not explain specifically

8  how he was prevented from filing a grievance about the October 2010 incident.

9  C.  Discussion

10      Here, plaintiff essentially concedes that he did not exhaust administrative remedies

11 as to the October 2010 incident at issue in this action.  See Wyatt, supra, 315 F.3d at 1120 ("A

12 prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no exception to

13 exhaustion applies.")  Defendants have met their burden of raising and proving the absence of

14 exhaustion.

15      As to plaintiff's argument that his failure to exhaust should be excused due to

16 unspecified acts of retaliation, the Ninth Circuit has held that an inmate's failure to exhaust

17 administrative remedies may be excused where "circumstances render administrative remedies

18 effectively unavailable."  Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010) (holding that

19 inmate's failure to exhaust his administrative remedies was excused because he took reasonable

20 steps to exhaust his claim and was precluded from exhausting, not through his own fault but by

21 the Warden's mistake).  However, in this case, the court finds that plaintiff has not provided

22 evidence showing that he was prevented from using the inmate grievance process at CSP-

23

24      [5] The report also lists inmate appeals filed by plaintiff but screened out for various
reasons before they reached the third and final level of review.  Only one, marked a "property"
complaint with no assigned grievance number, was filed between October 2010 and October

25 2011.  (Dkt. No. 36-1 at 9.)  The court has no reason to believe that this grievance concerned
defendants' alleged actions on October 29, 2010.  At any rate, it did not advance to the final level

26 of administrative review as required for exhaustion.

1   Sacramento.  On the contrary, institutional records show that plaintiff filed numerous inmate

2   grievances during the relevant period.  Plaintiff's showing is insufficient to excuse exhaustion

3   under Nunez.  See Young v. CDCR, 2012 WL 1068701 at *2 (E.D. Cal. March 29, 2012)

4   (granting defendants' motion to dismiss for failure to exhaust administrative remedies where

5   plaintiff offered only vague allegations that defendant interfered with his ability to use grievance

6   procedure).  Thus the undersigned will recommend that defendants' motion to dismiss be granted.

7   　　　　Accordingly, IT IS HEREBY RECOMMENDED that defendants' January 24,

8   2013 motion to dismiss for failure to exhaust administrative remedies (Dkt. No. 36) be granted

9   and this action be dismissed without prejudice.

10   　　　　These findings and recommendations are submitted to the United States District

11   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

12   days after being served with these findings and recommendations, petitioner may file written

13   objections with the court.  The document should be captioned "Objections to Magistrate Judge's

14   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

15   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

16   1153 (9th Cir. 1991).

17   　Dated: April 2, 2013

18   _____

19   CAROLYN K. DELANEY
    UNITED STATES MAGISTRATE JUDGE

20

21

22   2
    isgr2780.mtd

23

24

25

26

7